FRANK A. BARTON, Appellant, *v.* NINETEEN HUNDRED WASHER CORPORATION, Respondent.

CATHERINE K. BARTON, Appellant, *v.* NINETEEN HUNDRED WASHER CORPORATION, Respondent.

Fourth Department, May 4, 1938.

*Gustav P. Blaustein,* for the appellants.

*Phillip T. Young,* for the respondent.

PER CURIAM.. From admissions in defendant's pleadings it appears that at the time of the sale of the washing machine and wringer involved in this accident they were represented by defendant to be in safe condition, fit to do the work for which they were constructed, and equipped with adequate safety devices which would perform the functions for which they were designed, provided they were operated and cared for in the proper manner. Defendant also pleaded that " if the said machines were operated and cared for in an ordinary and prudent manner, and pursuant

to the instructions given at the time of said sale, injury or damage would not or could not occur to or be sustained by the operator or by the operation thereof." Concededly the only device on the wringer by which the rollers could be released or separated was the so-called safety emergency release. As to that emergency release there is proof that at the time of the sale of the machine defendant's agent instructed the plaintiff Catherine K. Barton in the correct method of operating it and at that time stated that it was to be used in case of emergency, if the fingers of the operator happened to be caught between the rollers. There is also proof from which a jury could have found that prior to the accident the wringer had received proper care and that at the time of the accident it was being operated in an ordinary, prudent manner and in accord with instructions given to said plaintiff; that while so operating the wringer plaintiff's fingers became caught between the rollers at which time, despite efforts made by her to disengage her hand by operating the safety emergency release in accord with the instructions given to her at the time the machine was purchased, it failed to function and thereby caused her personal injuries which prompted these actions. Giving to plaintiffs the benefit of every inference reasonably to be drawn from facts established by their proof or admitted by defendant's answers, and in view of the peculiar circumstance of record here that instructions given to the plaintiff Catherine K. Barton at the time of sale were later strictly followed by her in the emergency which occurred with resulting personal injury to her, we find sufficient evidence to establish a *prima facie* case of negligence which called upon the defendant for explanatory proof.

The judgments should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and DOWLING, JJ.

In Frank A. Barton action: Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and DOWLING, JJ.

In Catherine K. Barton action: Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.